NO. 13-20528
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

APRIL SCARLOTT,

*Plaintiff-Appellant,*

WEISBERG & MEYERS, LLC,

*Appellant*

v.

NISSAN NORTH AMERICA, INCORPORATED;
HURRICANE GLASS; HURRICANE AUTO CARE
& ACCESSORIES, INCORPORATED,

*Defendants/Appellees.*
_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
C.A. No. 4:10-CV-04865
_____

**BRIEF OF APPELLEE
HURRICANE AUTO CARE & ACCESSORIES, INC.**
_____

LESLIE WM. ADAMS
LESLIE WM. ADAMS & ASSOCIATES
3900 Essex Lane, Suite 1111
Houston, Texas 77027
Tel: (713) 728-6360
Fax: (713) 728-6366
LWA@LeslieWmAdams.com
**ATTORNEY FOR APPELLEE
HURRICANE AUTO CARE & ACCESSORIES, INC**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

Nissan North America, Inc.
*Defendant/Appellee*

Hurricane Auto Care & Accessories, Inc.
*Defendant/ Appellee*

April Scarlott
*Plaintiff/Appellant*

Weisberg & Meyers, LLC
*Appellant*

Aaron D. Radbil, THE LAW OFFICES OF AARON D. RADBIL, PLLC
*Attorney for April Scarlott and Weisberg & Meyers, LLC*

Leslie Wm. Adams, LESLIE WM. ADAMS & ASSOCIATES
*Attorney for Appellee Hurricane Auto Care & Accessories, Inc.*

Jeffrey S. Patterson
Giovanna Tarantino Bingham
HARTLINE DACUS BARGER DREYER, LLP
*Attorneys for Appellee Nissan North America, Inc.*

/s/ Leslie Wm. Adams
Leslie Wm. Adams

## STATEMENT REGARDING ORAL ARGUMENT

Hurricane Auto Care & Accessories, Inc. ("Hurricane") requests oral argument in this case. Appellants raise seven issues on appeal: (1) the District Court's denial of Appellant April Scarlott's motion to remand; (2) the District Court's granting of Nissan North America, Inc.'s motion for summary judgment; (3) the District Court's dismissal of its claim against Hurricane; (4) the District Court's award of sanctions to Nissan North America, Inc.; (5) the District Court's award of sanctions to Hurricane; (6) the District Court's award of attorneys' fees; and (7) the District Court's exclusion of Appellant April Scarlott's expert witness. This case has been pending for more than four years and the record is voluminous. Oral argument may aid this Court in understanding the relevant history of this case leading to the granting of sanctions against Appellants by the District Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS…………………………………..2

STATEMENT REGARDING ORAL ARGUMENT………………………….......3

TABLE OF CONTENTS…………………………………………………………..4

TABLE OF AUTHORITIES………………………………………………….......6

STATEMENT OF JURISDICTION…………………………………………………8

STATEMENT OF ISSUES……………………………………………………...9

STATEMENT OF THE CASE…………………………………………………...11

SUMMARY OF THE ARGUMENT……………………………………...........12

ARGUMENT…………………………………………………………...14

ISSUE 1: The District Court did not Err in Denying Scarlott's
   Motion for Remand………………………………………………..14
   A. Jurisdiction is Determined at Time of Removal……………………14
   B. Scarlott's Complaint Confers Jurisdiction Through Demands for
      Further Damages…………………………………………………15
   C. The Proper Measure of Damages is Determined by Texas
      Law……...…………………………………………………...16
   D. Damages are not Limited to the Vehicle's Purchase Price
      Under the MMWA, as Scarlott Argues……………………………..17
   E. Scarlott's Testimony and Discovery Responses Confirm She
      Sought Consequential and Incidental Damages……………………..17
ISSUE 2:  The District Court Granted NNA's Motion for Summary
      Judgment…………………………………………………………19
ISSUE 3:  The District Court did not Err in Granting Hurricane's
      Summary Judgment  Motion……………………………………..19

A. Scarlott's Claim was Filed After the Expiration of Two Years From the Date of Scarlott's Injury……………………………………..19

B. Scarlott's Injury was Not Inherently Undiscoverable………………19

ISSUE 4:  Award of Costs and Fees to NNA……………………………………..25

ISSUE 5:  The District Court did not Err In Awarding Sanctions to Hurricane.....25

A. The District Court did not Abuse its Discretion in Awarding Fees Pursuant to 28 U.S.C. § 1927………………………25

B. Appellants Knowingly Asserted Legally Barred Claims Against Hurricane and Unreasonably Extended the Proceedings……………26

ISSUE 6:  Hurricane Submitted Sufficient Records of Fees and Costs…………..27

A. Hurricane Had Proper Evidence to Support an Award of Attorneys' Fees…………………………………………………..27

B. Appellants Failed to Object to the Reasonableness of Hurricane's Attorneys' Fees……………………………………………………...28

ISSUE 7:  The District Court Properly Excluded Scarlott's Expert Witness Stephen Weaver …………………………………………………….28

CONCLUSION …………………………………………………………..29

CERTIFICATE OF FILING AND SERVICE ……………………………...30

CERTIFICATE OF COMPLIANCE ………………………………….…..31

# TABLE OF AUTHORITIES

## CASES

*Allen v. R& H Oil and Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)……………14

*Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 174-75 (1988)……………………28

*Boelens v. Redman Homes*, 748 F.2d 1058, 1069 (5th Cir. 1984)………………..17

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-46 (1991)……………………...............25

*Childs v. Haussecker,* 974 S.W.2d 31, 36 (Tex. 1998)…………………...12, 19, 21

*Computer Assocs. Int'l v. Altai, Inc.*,
918 S.W.2d 453 (Tex. 1996)………………………………………...20, 21, 22, 23, 24

*FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)……………………………25

*Gaddis v. Smith,* 417 S.W.2d 577, 578 (Tex.1967)………………………….........20

*Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 719
 (Tex.App.  – San Antonio 1998, pet. denied)……………………………………21

*Lewis v. Brown & Root, Inc.,* 711 F.2d 1287, 1292 (5th Cir.1983),
*clarified on reconsideration,* 722 F.2d 209 (5th Cir.1984)………………………25

*MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979)……………..16

*Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007)……………..................26

*Nelson v Adams USA, Inc.*, 529 U.S. 460, 0469 (2000)…………………………..28

*Pirtle v. Kahn*, 177 S.W.3d 567 (Tex.App.  – Houston [1st Dist.] 2005)…......22, 23

*Price v. Estate of Anderson,* 522 S.W.2d 690, 692 (Tex.1975)……………….......20

*Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 545 (Tex. 1986)…..20

*Trinity River Auth. V. URS Consultants*, 889 S.W.2d 259, 262 (Tex. 1994)…........20

*West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Company*,
834 F.2d 1232, 1234 (5th Cir. 1988)………………………………………....…15

*Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 636
(Tex.App. – Houston [1st Dist.] 2002, no pet.)………………………………...23

*Williams v. Khalaf*, 802 S.W.2d 651 (Tex. 1990)………………………………...20

**STATUTES**

15 U.S.C. § 2310(d)(3)(B).. …………………………….....................8, 14

28 U.S.C. § 1291 ………………………………....................................8

28 U.S.C. § 1927 …………………………….......................................13, 25

TEX. BUS. & COM. CODE §2.714. …………………………….................16

TEX. BUS. & COM. CODE §2.715. ……………………….............16, 17

**RULES**

TEX. CIV. PRAC. & REM. §16.003 (2010)………………………………12, 19

FED. R. CIV. PROC. 46………………………………………………...28

## STATEMENT OF JURISDICTION

The District Court of the Southern District of Texas had jurisdiction over this matter under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(3)(B), as the amount in controversy is at least $50,000. Appellant April Scarlott ("Scarlott") requested damages of "$50,000.00 or less." ROA.88, ¶ 1. Scarlott's sworn deposition testimony and discovery responses indicate that she sought recovery of the subject vehicle's purchase price plus consequential and incidental damages, which total more than $50,000.00. ROA.96-97, ¶ 39; ROA.88; ROA.2898; ROA.2926, 12-20; ROA.2928, 22 – 2929,12.

The District Court issued a final judgment on August 28, 2013. ROA.2966. Appellants filed their notice of appeal on November 7, 2013. ROA.2968. Appellants filed their brief on January 24, 2013. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

**ISSUE 1:**     Appellants argue that the District Court erred in denying Scarlott's motion to remand.   Based on Scarlott's own pleadings, deposition testimony, and discovery responses, the amount in controversy was at least $50,000.00 when the case was removed.   Thus, the District Court did not err in denying Scarlott's motion to remand.

**ISSUE 2:** Appellants argue that the District Court erred in granting Nissan North America, Inc.'s motion for summary judgment.   This issue does not pertain to Hurricane, so Hurricane will not respond.

**ISSUE 3:** Appellants argue that the District Court erred in its dismissal of Appellant Scarlott's claims against Hurricane.   Scarlott's claims against Hurricane are legally barred by the statute of limitations.

**ISSUE 4:** Appellants argue that the District Court erred in its award of sanctions to Nissan North America, Inc.  This issue does not pertain to Hurricane, so Hurricane will not respond.

**ISSUE 5:** Appellants argue that the District Court erred in its award of sanctions to Hurricane.   The record is clear that Appellants frivolously sued Hurricane because Hurricane was sued outside the statute of limitations period.

**ISSUE 6:** Appellants argue that the District Court erred in its award of attorneys' fees because Hurricane failed to provide adequate evidence of its billing.

Hurricane's counsel had proper evidence to support the reasonableness of its fees, but Appellants failed to object or request a review of the evidence.

**ISSUE 7:** Appellants argue that the District Court erred in its exclusion of Appellant April Scarlott's expert witness, Stephen Weaver.  Stephen Weaver was designated as an expert witness and deposed long before Hurricane was brought into the litigation.  Any error associated with this witness is irrelevant as to Hurricane since Hurricane was sued outside the statute of limitations period.  However, if this Court finds that the District Court erred in granting summary judgment to Hurricane, Hurricane hereby joins in the arguments raised by Appellee Nissan North America, Inc. on this issue.

## STATEMENT OF THE CASE

On October 19, 2009, Scarlott filed suit in state court against Nissan North America, Inc. ("NNA") for breach of express warranty and breach of implied warranty of merchantability. ROA.239. The suit alleged claims arising out of Scarlott's purchase of a 2006 Nissan Murano on December 26, 2006. ROA.36. On December 6, 2010, Nissan Motor Acceptance Corporation removed the suit to federal court. ROA.22.

On January 20, 2011, after the removal to federal court, Scarlott filed a Second Amended Complaint. ROA.239. On February 25, 2011, Scarlott served Hurricane[1] with a summons, and the return of service was filed on March 4, 2011. ROA.438. Scarlott asserted that Hurricane was negligent in the installation of the HomeLink mirror. ROA.239. Hurricane filed its original answer on March 30, 2011. ROA.1329. On April 28, 2011, Hurricane filed its motion for summary judgment arguing that Scarlott's claims are barred by the statute of limitations. ROA.1669-1721.

On August 28, 2013, the District Court granted Hurricane's motion for summary for judgment. ROA.2960-2965. Hurricane subsequently filed a motion for sanctions, attorneys' fees, and costs at the court's invitation. ROA.3382. On

---

[1] Appellant incorrectly named and served "Hurricane Glass" in its First Amended Petition on August 26, 2010, and this was not corrected until January 4, 2011, notwithstanding documents produced in this matter with the correct name of Hurricane Auto Care & Accessories, Inc. ROA.88; ROA.205; ROA.1679. Appellants continue this error by naming Hurricane Glass as an appellee.

October 10, 2013, the District Court entered an Order granting Hurricane's motion. ROA.4937.

## SUMMARY OF THE ARGUMENT

The District Court did not err in denying Scarlott's motion to remand to state court because the case was properly removed and the District Court had subject matter jurisdiction.   Scarlott sued under the MMWA and specifically alleged damages in the amount of $50,000.00 or less.  ROA.88, ¶ 1.  Scarlott's discovery responses and sworn testimony clearly demonstrate that Scarlott sought recovery of damages totaling more than $50,000.00. ROA.96-97, ¶ 39; ROA.88; ROA.2898; ROA.2926, 12-20; ROA.2928,22 – 2929,12.  Thus, the District Court did not err in denying Scarlott's motion to remand.

The District Court properly granted Hurricane's motion for summary judgment as Scarlott's claims are barred by the statute of limitations.  Scarlott sued Hurricane for negligence three years and seven months after the vehicle's electrical problems asserted in Scarlott's suit began.   Under the controlling Texas statute, a person generally has two years to sue from the time the injury is discovered.  TEX. CIV. PRAC. & REM. §16.003 (2010); *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998).   The evidence is clear that Scarlott knew the alleged cause of her electrical problems years before she decided to sue and serve Hurricane.  Thus, the District Court properly denied Scarlott's claims against Hurricane.

The District Court properly awarded sanctions, attorneys' fees, and costs to Hurricane for Appellants' vexatious and frivolous litigation. The record is clear that Scarlott knew she did not have a valid claim against Hurricane because it was barred by the two-year statute of limitations; yet, Scarlott and her attorneys decided to still file a lawsuit and subject Hurricane to needless litigation. Pursuant to 28 U.S.C. § 1927, the District Court did not abuse its discretion in awarding fees and costs to Hurricane.

The District Court properly excluded the testimony of Scarlott's liability expert witness, Stephen Weaver. The designation of Stephen Weaver and his subsequent deposition occurred before Hurricane was properly served or filed an answer in this lawsuit. Stephen Weaver filed his expert report on February 13, 2010, and Hurricane was not brought into the suit until a year later. ROA.159; ROA.161; ROA.438. As such, Hurricane was not privy to the pretrial motions and discovery conducted on this matter; thus, it cannot offer a substantive response to this issue. Hurricane stands on its position that regardless of any alleged liability, Scarlott served Hurricane long after the statute of limitations period ended. However, if this Court finds otherwise, Hurricane joins in the arguments presented in Appellee Nissan North America, Inc.'s Brief on this particular issue. Appellant Nissan North America, Inc.'s Brief, at p. 58 – 60.

## ARGUMENT

**Issue 1: <u>The District Court did not Err in Denying Scarlott's Motion for Remand</u>**

Under the Magnuson-Moss Warranty Act ("MMWA"), a claim is not "cognizable" in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(3)(B).

In Scarlott's motion to remand filed May 9, 2013, she claimed the District Court lacked subject matter jurisdiction because she did not seek relief of $50,000 or more in damages. ROA.2824. Scarlott's pleadings, discovery responses, and deposition testimony taken before removal, however, support the District Court's denial of Scarlott's motion to remand because the amount in controversy exceeded $50,000. ROA.96-97, ¶ 39; ROA.88; ROA.2898; ROA.2926, 12-20; ROA.2928, 22 – 2929,12.

### *A.  Jurisdiction is Determined at Time of Removal.*

It is well established that "the jurisdictional facts that support removal must be judged at the time of the removal." *Allen v. R& H Oil and Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).  Further, "in order for a court to refuse jurisdiction it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 1335.  Punitive damages are included in computing the jurisdictional amount. *Id.*  In that Scarlott had prosecuted her claims in federal

court for 30 months prior to filing her motion, Appellants' attempt to revisit the issue is further barred by laches.  ROA.22; ROA.35; *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Company*, 834 F.2d 1232, 1234 (5th Cir. 1988).

### *B.    Scarlott's Complaint Confers Jurisdiction Through Demands For Further Damages.*

At the time of removal, December 2010, Scarlott's First Amended Petition alleged that not less than five vehicle systems were defective, including but not limited to, the vehicle's engine control system, front suspension, engine electrical system, supplemental restraint system, and interior fit and finish.  ROA.96-97, ¶ 39.  Scarlott further alleged that the vehicle had been subject to "numerous failed repair attempts" and "as a result of the ineffective repair attempts…the [vehicle] cannot be utilized as intended…and that the use and value of the [vehicle] has been diminished and/or substantially impaired to [Scarlott]."  ROA.90; ROA.98.  That all mechanical and electrical issues raised by Scarlott have been resolved by repair or replacement is undisputed.

Pursuant to the particular factual allegations, Scarlott alleged the following damages: the vehicle's retail sales contract totaling $32,289, additional damages allegedly incurred as the case progressed, and "damages within the jurisdictional limits of this court in the form of diminished value, incidental and consequential damages, including loss of use and aggravation and convenience."  ROA.100-01, ¶¶ 56, 61.  Further, Scarlott's Deceptive Trade Practices Act ("DTPA") demand

letter stated that she would seek "all actual and exemplary damages available." ROA.334.

Therefore, Scarlott's amended petition and total damages asserted are not limited to $39,500.00, as Scarlott claims in her brief, and the District Court properly made this determination.

### C.  The Proper Measure of Damages is Determined by Texas Law

The measure of damages is properly determined under the applicable state law.  "Resort to state law is proper to determine applicable measure of damages under Magnuson-Moss Warranty Act." *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979).  Under Texas law, direct damages in a breach of warranty action are measured by the difference between the value of the goods accepted and the value of the goods if they had been as warranted.  TEX. BUS. & COM. CODE §2.714.

Scarlott alleged incidental and consequential damages.  ROA.100-01, ¶¶ 56, 61.  Texas law provides for the recovery of incidental and consequential damages in a breach of warranty action.  TEX. BUS. & COM. CODE §§ 2.714, 2.715. Incidental damages include reasonable expenses incident to the alleged breach.  *Id.* at § 2.715.  Consequential damages include any loss resulting from general or particular requirements that the seller, at the time of contracting, had reason to know about and that could not be reasonably prevented by cover, or otherwise, and

any injury to person or property proximately resulting from the breach. *Id.* Incidental and consequential damages may include foreseeable lost profits. *Id.* at § 2.715(b).

Therefore, Scarlott's claims for incidental and consequential damages were included in a proper measure of damages under Texas law.

### D.  Damages Are Not Limited to The Vehicle's Purchase Price Under The MMWA, as Scarlott Argues.

Scarlott argues that her recovery under the MMWA is limited to the value of the vehicle at issue. See Appellants' Brief, at p. 22-23. To the contrary, "damages for economic loss are clearly recoverable under the MMWA, and those damages may be used to satisfy the amount-in-controversy requirement." *Boelens v. Redman Homes*, 748 F.2d 1058, 1069 (5th Cir. 1984). In *Boelens*, the plaintiffs limited their alleged damages to lost investment in the mobile home and costs of alternative housing. *Id.* Therefore, the court was limited to reviewing only those two measures of damages. Scarlott, on the other hand, alleged economic damages beyond the value of the vehicle's retail sales contract at the time of removal, including, loss of use, consequential damages, and incidental damages. ROA.100-01, ¶¶ 56, 61.

### E.  Scarlott's Testimony and Discovery Responses Confirm She Sought Consequential and Incidental Damages

Scarlott alleged the following damages in her testimony and discovery

responses:

> a.    the vehicle sales contract of $39,289,
>
> b.    $225.00 for a wrecker service;
>
> c.    rental car receipts totaling approximately $1,600;
>
> d.    repairs totaling approximately $1,700;
>
> e.    a quote of $400 for installation of a HomeLink mirror;
>
> f.    battery charger costing $120;
>
> g.    increased electricity bills resulting from charging the car

battery;

> h.    loss of use of the vehicle; and
>
> i.    lost commissions of between $6,000 and $10,000 in connection

with her employment as a real estate broker, resulting from the loss of use. ROA.2898; ROA.2905-19; ROA.2926, 12-20; ROA.2926, 3-11; ROA.2927, 19 – 2928, 15; ROA.2928, 22 – 2929, 12.  She is estopped from arguing to the contrary.

The District Court properly determined that it had subject matter jurisdiction because this case met the amount-in-controversy requirement.  As discussed above, Scarlott's discovery responses and sworn testimony clearly demonstrate that Scarlott sought recovery of damages totaling more than $50,000.00.  Thus, the District Court did not err in denying Scarlott's motion to remand.

**Issue 2:** **The District Court Granted NNA's Summary Judgment Motion.**

As this issue does not pertain to Hurricane, Hurricane will not respond.

**Issue 3:** **The District Court did not Err in Granting Hurricane's Summary Judgment Motion.**

The District Court properly granted Hurricane's motion for summary judgment as Scarlott's claims are barred by the statute of limitations.

A. *Scarlott's Claim was Filed After the Expiration of Two Years From The Date of Scarlott's Injury.*

A person generally has two years to sue from the time her property is damaged. TEX. CIV. PRAC. & REM. § 16.003 (2010); *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). This two-year limitation applies to the claim for negligence brought against Appellee Hurricane. Scarlott purchased the vehicle on December 26, 2006 and the vehicle was "damaged" when Hurricane installed the aftermarket mirror "shortly after [December 26, 2006]." ROA.247-48. Electrical problems began, however, on September 4, 2007. ROA.369. Even if the latter date was declared the date of injury, the two year statute of limitations would have expired on September 4, 2009, one year and five months before Hurricane was served.

A. *Scarlott's Injury was not Inherently Undiscoverable*

Appellants incorrectly rely on the discovery rule exception to explain why Hurricane was sued over four years after the electrical problems were first

discovered. "The purpose of statutes of limitations is to compel the assertion of claims within a reasonable period while the evidence is fresh in the minds of the parties and witnesses." *Computer Assocs. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996); *see also Price v. Estate of Anderson,* 522 S.W.2d 690, 692 (Tex.1975); *Gaddis v. Smith,* 417 S.W.2d 577, 578 (Tex. 1967).

The discovery rule exception defers accrual of a cause of action until the plaintiff knew, or reasonably should have known of the injury. *Trinity River Auth. v. URS Consultants*, 889 S.W.2d 259, 262 (Tex. 1994). Due to society's strong interest in having disputes settled in a reasonable time, the discovery rule exception is only applied in limited circumstances. *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 545 (Tex. 1986); *Computer Assocs.*, 918 S.W.2d at 455.

The Texas Supreme Court "attempted to bring predictability and consistency to [its] jurisprudence in [decisions to apply the discovery rule]." *Computer Assocs.*, 918 S.W.2d at 453. The Texas Supreme Court "articulated two unifying principles that generally apply in discovery rule cases. *Id.* They are that the nature of the injury must be inherently undiscoverable and that the injury itself must be objectively verifiable." *Id*. at 456; *see also Williams v. Khalaf*, 802 S.W.2d 651 (Tex. 1990).

An injury is inherently undiscoverable if it is by its nature unlikely to be discovered within the prescribed limitations period despite due diligence."

*Computer Assocs.*, 918 S.W.2d at 455.   It is rare that an injury rises to the level of being inherently undiscoverable.   The courts have applied the exception in fraud and trade secret misappropriation cases.   *Id.*   In *Computer Assocs.*, the court noted, "while some trade secret misappropriations might not be quickly discovered, this isolated fact does not alter the reality that, in most cases, trade secret misappropriation generally is capable of detection within the time allotted for bringing such suits."   *Id*. at 457.   The Texas Supreme Court noted that "inherently undiscoverable encompasses the requirement that the existence of the injury is not ordinarily discoverable, even though due diligence has been used.   *Id.* at 456.

When a plaintiff discovers, or should have reasonably discovered, the cause of her injury and whether the plaintiff exercised due diligence in discovering that injury are questions of fact.   *Haussecker*, 974 S.W.2d at 44.   If a plaintiff adduces summary judgment evidence that raises a fact issue to avoid limitations, the defendant must then negate that fact issue.   *Id.* at 36.   A defendant may do this by showing: (1) the discovery rule exception does not apply; or (2) there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable due diligence, should have discovered the injury.   *Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 719 (Tex.App.  – San Antonio 1998, pet. denied).

In *Pirtle v. Kahn*, tenant Pirtle sued her apartment complex in July 2002 for negligence, premises liability, fraud, and DTPA violations alleging that a leak found in her apartment caused her significant health issues. *Pirtle v. Kahn*, 177 S.W.3d 567 (Tex.App.– Houston [1st Dist.] 2005). Pirtle signed her lease on September 27, 1994 and became sick shortly thereafter. *Id.* In July 1999, she noticed a leak in the ceiling of her apartment and found mold. *Id.* A year later, in July 2000, Pirtle's doctors confirmed in a written letter that her health issues were the result of her home environment. *Id.* at 570.

Kahn moved for summary judgment alleging Pirtle was outside the two year statute of limitations period for her negligence, premises liability, and DTPA causes of action. Pirtle argued that her injuries were latent and inherently undiscoverable. *Id.* at 572. She contended that the trial court erred in relying on the discovery of mold in 1999 and the 2000 letter from her doctors to establish the accrual date of her causes of action. *Id.* She argued that at that time, she had mere suspicions and subjective beliefs, but did not discover her claim until sometime in 2002 when she received results from the mold tests and was diagnosed with a mold-related illness. *Id.*

The Texas appellate court applied the principles laid out in *Computer Assocs.* and noted that for the cause of action to accrue, the plaintiff must have knowledge of facts that would cause a reasonably prudent person to make an

inquiry that would lead to discovery of the concealed cause of action. *Computer Assocs.*, 918 S.W.2d at 455; *Kahn*, 177 S.W.3d at 571; *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 636 (Tex.App. – Houston [1st Dist.] 2002, no pet.). The court opined that Pirtle had sufficient facts to require her to investigate a causal connection between the mold and her illness as early as July 1999, when the leak was first discovered. *Kahn*, 177 S.W.3d at 573. At that time, she was on notice of "facts, conditions, or circumstances" that would cause a reasonable person to inquire. *Id.* The appellate court held that the discovery rule exception did not apply and Pirtle's claims for negligence, DTPA violations, and premises liability were barred by the statute of limitations. *Id.* at 574.

In the instant case, it is clear from the evidence that Scarlott's claims against Hurricane are time barred as well. There is nothing in the record to support Appellants' position that the cause of her injury was inherently undiscoverable. The electrical problems that Scarlott experienced in September 2007 are not the type of injury that can be categorized as inherently undiscoverable.

The electrical problems she identified were that "the vehicle would not crank or start," "none of the dome lights work[ed]" and "the air bag light was flashing." ROA.1479; ROA.1481. The injuries alleged by Scarlott are a far cry from the category of *inherently undiscoverable*, as several types of trade secret misappropriations may be deemed. As in the *Pirtle* case, Scarlott had sufficient

information on September 4, 2007 to prompt a reasonably prudent person to exercise due diligence in investigating the cause of her injury.

In their Brief, Appellants confuse injury with cause. In determining the date of injury, Scarlott noted that "not until November 30, 2009 did CLN inform Scarlott that it believed the *cause* of the [vehicle's] electrical problems was the HomeLink mirror." ROA.1494. As the Texas Supreme Court clearly states, "the nature of the *injury* must be inherently undiscoverable." *Computer Assocs.*, 918 S.W.2d at 453. Scarlott clearly states that the injury was discovered on September 4, 2007. ROA.369. In its Opinion on Summary Judgment, the District Court correctly opined that "[Scarlott's] *injury* was manifest at the first drained battery. When the car stopped in September of 2007, [Scarlott] knew she had a problem. She had time to find a technician who could discover the *cause*." ROA.2962.

As Scarlott admits, her injury was known to her in September of 2007. ROA.369. While the cause may not have been discovered until later, the statute of limitations and the discovery rule exception pertain solely to the date of injury, not discovery of the cause. Further, in September 2007, Scarlott had enough facts to cause a reasonably prudent individual to investigate the source of her electrical problems and whether she had a cause of action. Thus, the discovery rule exception does not apply to toll the statute of limitations on Scarlott's claim of negligence against Hurricane. The District Court did not err in ruling that the

statute of limitations had expired because, "Scarlott's claim was brought too late." ROA.2962.

**Issue 4: <u>Award of Costs and Fees to NNA</u>**

As this issue does not pertain to Hurricane, Hurricane will not respond.

**Issue 5: <u>The District Court did not Err in Awarding Sanctions to Hurricane.</u>**

### A. <u>*The District Court did not Abuse its Discretion in Awarding Fees Pursuant to 28 U.S.C. § 1927*</u>

Pursuant to 28 U.S.C. § 1927, the District Court may require an attorney who multiplies the proceedings unreasonably and vexatiously to pay the excess costs, expenses, and attorney fees incurred because of the conduct. *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir.1994). Under § 1927, only those fees and costs associated with "the persistent prosecution of a meritless claim" may be awarded. 28 U.S.C. § 1927. Except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may not shift the entire financial burden of an action's defense. *Lewis v. Brown & Root, Inc.,* 711 F.2d 1287, 1292 (5th Cir.1983), *clarified on reconsideration,* 722 F.2d 209 (5th Cir.1984).

Further, a court may impose sanctions under its inherent power on a person who acts in bad faith, willful disobedience, or commits fraud on the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-46 (1991). The court may also impose sanctions, under its inherent power, when necessary for the court to regulate its

docket, promote judicial efficiency, and deter frivolous filings.  *Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007).

**B.** ___Appellants Knowingly Asserted Legally Barred Claims against Hurricane and Unreasonably Extended the Proceedings.___

The entire course of the proceedings in this case was unwarranted and should not have been commenced against Hurricane because the action was clearly outside the statute of limitations period.   Hurricane refers this Court to its discussion above at Issue 3 to support its position that Hurricane was sued outside the statute of limitations.   Thus, Scarlott's claims against Hurricane were groundless and barred as a matter of law.

Hurricane sought sanctions against Scarlott and her attorneys, Weisberg and Meyers, LLC for asserting claims and defenses that were not warranted by law and unreasonably multiplying the proceedings by dragging this case out for more than four years. Every single pleading since the commencement of the case against Hurricane was unreasonable because it was easily discoverable by Weisberg and Meyers, LLC that the statute of limitations had run as to Scarlott's claims against Hurricane.

As a result of Scarlott's frivolous and groundless actions, this case has been going on for over four years.   Although Hurricane was not properly served until March 2011, it was forced to expend significant time and incur attorney's fees preparing briefs, conducting legal research, responding to Scarlott's baseless

motions, and filing pleadings in order to protect its interests in this litigation, a situation that persists with this appeal.

Those pleadings include, but are not limited to, the following:

   a) Answer filed March 30, 2011; ROA.1329.

   b) First Amended Answer filed April 6, 2011; ROA.1331.

   c) Corporate Disclosure Statement filed April 6, 2011; ROA.1342

   d) Motion for Summary Judgment filed April 28, 2011; ROA.1669

   e) Reply to Response in Opposition to Motion for Summary Judgment filed May 23, 2011; ROA.2075.

In addition to these pleadings, Hurricane had to attend hearings, draft and respond to correspondence between the parties, as well as all other tasks related to defending a lawsuit.

**Issue 6: Hurricane Submitted Sufficient Records of Fees and Costs.**

   **A. _Hurricane had Proper Evidence to Support an Award of Attorneys' Fees_**

Scarlott argues that Hurricane did not produce contemporaneous billing statements or evidence adequate to determine reasonable hours. Appellants' Brief, at p. 56-57. To the contrary, Hurricane filed its evidence with its motion for sanctions. At the hearing on NNA and Hurricane's motions for sanctions, attorneys' fees, and costs, counsel for Hurricane had copies of its invoices and billing records to show the District Court and Scarlott's attorneys.

**B.** _**Appellants Failed to Object to the Reasonableness of Hurricane's Attorneys Fees**_

Further, in Scarlott's response to Hurricane's motion for attorneys' fees and costs, she did not object to any lack of evidence or that the fees asserted were unreasonable.  ROA.4929 -34. The first time Appellants raise this objection to the District Court's award of fees to Hurricane is in Appellants' Brief.  Even at the hearing held on this matter, Appellants failed to question the evidence that Hurricane produced to support its fees and costs of $16,265.  ROA.5168-5261. Appellants failure to challenge the award of fees waives Appellants' opportunity to present this issue for appeal.  FED. R. CIV. PROC.  46; _Nelson v Adams USA, Inc._, 529 U.S. 460, 0469 (2000); _Beech Aircraft Corp. v. Rainey_, 488 U.S. 153, 174-75 (1988).

Hurricane had adequate evidence to prove its attorneys' fees were reasonable, and Appellants did not raise any objections or dispute its evidence.  In fact, Appellants did not even ask to review the evidence.  ROA.5168-5261. Thus, the District Court did not abuse its discretion in awarding Hurricane its attorneys' fees and costs.

**Issue 7:** **The District Court Properly Excluded Scarlott's Expert Witness Stephen Weaver.**

**A.** _**Hurricane Joins in the Arguments of Appellee Nissan North America, Inc.**_

The designation of Stephen Weaver and his subsequent deposition occurred

months before Hurricane was properly served or filed an answer in this lawsuit. Scarlott's expert witness, Stephen Weaver, was deposed on November 4, 2010, and submitted his expert report on December 13, 2010.    R.159-160; R.161-175. Hurricane was not served until March 4, 2011.  R.438.  Furthermore, the motion to exclude expert witness Stephen Weaver was filed before Hurricane filed its answer in the lower court.  R.440-44; R.1329-30.

As such, Hurricane was not privy to the discovery conducted in regards to Stephen Weaver nor the pretrial motions on this matter; thus, it cannot offer a substantive response to this issue.  Hurricane stands on its position that regardless of any alleged liability, Scarlott served Hurricane long after the statute of limitations period ended.  However, if this Court finds otherwise, Hurricane joins in the arguments presented in Appellee Nissan North America, Inc.'s Brief on this issue.   Appellant Nissan North America, Inc.'s Brief, at p. 58 – 16.

## CONCLUSION

For the reasons stated above, Hurricane Auto Care & Accessories, Inc. respectfully prays that this Court deny Appellants' requested relief in its entirety, and affirm the decisions of the District Court, and for such other relief to which it is justly entitled.

## CERTIFICATION

I certify that I have reviewed the brief and concluded that every factual statement in the brief is supported by competent evidence included in the record.


/s/ Leslie Wm. Adams
Leslie Wm. Adams

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 14th day of March, 2014, I caused this Brief of Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

HARTLINE DACUS BARGER DREYER, L.L.P.
6688 N. Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 346-3784

*Counsel for Appellee*
*Nissan North America, Incorporated*

Aaron D. Radbil
The Law Office of Aaron D. Radbil, PLLC
801 North Brickell Avenue, Suite 900
Miami, Florida 33131
(561) 826-5477
aaron@adrlawoffice.com

*Counsel for Appellants*
*April Scarlott and Weisberg & Meyers, LLC*


/s/ Leslie Wm. Adams
Leslie Wm. Adams

## <u>CERTIFICATE OF COMPLIANCE</u>

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [4,681] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

/s/ Leslie Wm. Adams
Leslie Wm. Adams